UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WHOLESALE INFORMATION NETWORK, INC.,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>CASH FLOW MANAGEMENT, INC.,<br><br>　　　　　Defendant(s). | Case No. C07-5225RBL<br><br>ORDER GRANTING MOTION TO DECLINE JURISDICTION OF STATE LAW CLAIMS |

This matter comes before the court on Plaintiff's Motion for Remand or to Decline Jurisdiction of State Law Claims. Dkt. #13. The court has considered the pleadings filed in response to the court's order and the file herein.

BACKGROUND

This is the second case to arise out of what began as a dispute between Wholesale Information Network, Inc. (Wholesale) and Alternative Insights (Insights). Briefly, the operative facts are as follows. Wholesale engaged Insights to perform a set of services. Insights then invoiced Wholesale for services and fees, but Wholesale contends that Insights failed to perform and declined to pay $20,741. Some time later, in May 2006, Wholesale's attorney contacted Insights' attorney to request documents, This contact may have put Insights on notice that Wholesale was represented by counsel. In July 2006, Insights engaged Clash Flow Management, Inc. (Cash Flow), a debt collector, to collect the disputed amount from Wholesale. On August 1, 2006, Cash Flow telephoned Wholesale (the Phone Call) in an attempt to collect the debt. A week later, Wholesale's attorney directed Cash Flow to communicate only with him.

ORDER
Page - 1

In December 2006, Insights sued Wholesale in the District Court of Clark County, Washington, Case No. 306295-6, to collect the unpaid debt. In its answer, Wholesale cross-claimed against Cash Flow as a "Third Party Defendant," alleging that by making the phone call, Cash Flow violated the provisions of Washington's statute on debt collection practices, RCW 19.16.250, and the Federal Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq.* The two statutes vary in the details, but both statutes generally prohibit improper contact with a debtor who is known to be represented by counsel.

Wholesale's cross-claim against Cash Flow for improper debt collection practices appears to have had at least two purposes. Wholesale not only sought damages from Cash Flow, but Wholesale also sought to use Cash Flow's allegedly improper debt collection practices under RCW 19.16.250 to invoke RCW 19.16.450, which would bar Insights (as Cash Flow's customer) from collecting any interest, attorneys' fees, collection costs, or any other fees from Wholesale.

The Clark County District Court Judge, however, found that Cash Flow was not properly named as a third party defendant, and Wholesale dismissed the cross-claim. Wholesale then filed a new action asserting both state and federal improper debt collection claims against Cash Flow in the District Court of Clark County, Washington, Case No. 308700-6, and moved to consolidate the two Clark County suits. Cash Flow, however, removed Wholesale's Clark County case to this court, Dkt. No. 1, and Wholesale moved the court to decline to exercise supplemental jurisdiction over the state law claims and remand them to the Clark County District Court, Dkt. No. 13.

### STANDARD FOR SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

*United Mine Workers v. Gibbs*, 83 U.S. 715 (1966) first announced the discretionary doctrine of

the district court's exercise of pendent jurisdiction over state law claims. Later, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988), the Supreme Court held that the district court should "consider and weigh in each case, at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendant state law claims." (Relying on *Gibbs, supra*). 28 U.S.C. § 1367 now governs the exercise of supplemental jurisdiction, including ancillary and pendent jurisdiction, and lists some of the discretionary factors enunciated by *Gibbs* to guide the district court in exercising supplemental jurisdiction over state law claims. The Ninth Circuit clarified the district court's process of exercising its discretion in *Executive Software v. U.S. Dist. Court*, 24 F.3d 1545 (9th Cir. 1994). There, the court held that once a district court identifies that a factual predicate in a case corresponds to one of the factors in § 1367(c), the district court must consider "whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" *Id.* at 1557 (citations omitted).

## DISCUSSION

Plaintiff Wholesale argues that there are exceptional circumstances present that offer compelling reasons for declining jurisdiction under § 1367(c)(4). Specifically, Wholesale wishes to avoid inconsistent results between this case and Insights' suit against Wholesale in Clark County District Court. In that case, Wholesale intends to assert that because of Cash Flow's allegedly improper debt collection practices, Insight is barred by RCW 19.16.450 from collecting any interest, attorneys' fees, collection costs, or any other fees. Thus, the same factual issues surrounding Cash Flow's debt collection practices vis-à-vis the Washington debt collection statutes, RCW 19.16, will be litigated both in this case in federal court and in the Clark County case, duplicative litigation that could lead to inconsistent results.

Defendant Cash Flow, on the other hand, argues that the claims under RCW 19.16 are so related to the claims under the Federal Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq.* (FFDCA), that they form part of the same case or controversy, a controversy that should not be split into two causes of action in

two different courts.[1] Such a split, Cash Flow argues, would be counter to judicial economy, the convenience of the parties, fairness, and comity; rather, the issues between Cash Flow and Wholesale should be decided in one proceeding.

Wholesale is correct that the circumstances are exceptional, at least insofar as they offer no apparent way to allow a single court to resolve in a single action all of the claims and defenses arising from the facts surrounding the Phone Call. Wholesale has three such claims and defenses: its FFDCA claim against Cash Flow, its RCW 19.16.250 claim for damages against Cash Flow, and its RCW 19.16.450 defense to Insights' claim.

Jurisdiction over the FFDCA claim seems to be firmly lodged in this court,[2] and Wholesale has advanced no argument to the contrary. Jurisdiction over Wholesale's RCW 19.16.450 defense is equally firmly lodged in Clark County District Court. The question thus boils down to which of these two courts should hear Wholesale's RCW 19.16.250 claim against Cash Flow.

If this court remands Wholesale's RCW 19.16.250 claim, then the Clark County District Court will be able to consolidate 's RCW 19.16.250 claim against Cash Flow with Wholesale's RCW 19.16.450 defense against Insight's claims. Such consolidation would allow that court to resolve in a single action all of the offensive and defensive issues surrounding the propriety of the Phone Call under Washington law, avoiding the possibility that different courts litigating the same facts could reach inconsistent results. Therefore, this court exercises its discretion under 28 U.S.C. § 1367 to decline supplemental jurisdiction over Wholesale's state law claims.

This court is aware that its exercise of discretion will cause Cash Flow to be a party in two cases in two courts, an outcome that at first blush seems inefficient and inconvenient. However, at least two factors indicate that remanding the state claims to state court is the correct outcome in these exceptional circumstances. First, because Wholesale intends to assert in state court an RCW 19.16.450 defense arising from the Phone Call, Cash Flow will in any event be at least peripherally involved in Insight's suit in state court. Wholesale tried to resolve its claims against Cash Flow as part of that action, but Cash Flow

---

[1] Cash Flow also advances arguments that speak to the merits of Wholesale's case, but that are peripheral to the jurisdictional issue.

[2] *See* 15 U.S.C. § 1692k(d).

ORDER
Page - 4

removed those claims to this court. By its choice then, regardless of whether this court declines supplemental jurisdiction over Wholesale's RCW 19.16.250 claim, Cash Flow is involved in litigation in both state and federal court. Second, Cash Flow's response brief, Dkt. No. 16, provides a compelling suggestion that Wholesale's FFDCA claims may not persist long in this court: because the FFDCA does not apply to commercial debts, it is not clear that Wholesale has stated a valid FFDCA claim against Cash Flow. Therefore, adjudicating Wholesale's state law claims and defenses will likely consume far more resources than adjudicating the FFDCA claim.

In light of these factors, it seems likely that in these exceptional circumstances, exercising the court's discretion to decline supplemental jurisdiction will lead to minimal inconvenience and inefficiency while maximizing fairness and comity. Therefore, it is hereby

**ORDERED** that the court **GRANTS** Wholesale's motion to decline jurisdiction of state law claims, Dkt. No. 13, and REMANDS plaintiff's state law claims to Clark County District Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Clark County Superior Court.

DATED this 29th day of June, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE