HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WHOLESALE INFORMATION NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASH FLOW MANAGEMENT, INC., <br><br><br> Defendant. | Case No. C07-5225RBL <br><br> ORDER |

THIS MATTER comes before this Court upon Defendant's Petition for Costs and Attorney's Fees [Dkt. #29]. The Court has considered the motion and opposition thereto together with the entirety of the records and files herein. For the reasons stated, the Court hereby **DENIES** defendant's petition for costs and attorney's fees.

BACKGROUND

This is the second case to arise out of what began as a dispute between Wholesale Information Network, Inc. (Wholesale) and Alternative Insights (Insights). Briefly, the operative facts are as follows. Wholesale engaged Insights to perform a set of services. Insights then invoiced Wholesale for services and fees, but Wholesale contends that Insights failed to perform and declined to pay $20,741. Some time later, in May 2006, Wholesale's attorney contacted Insights' attorney to request documents. This contact may have put Insights on notice that Wholesale was represented by counsel. In July 2006, Insights engaged Clash Flow Management, Inc. (Cash Flow), a debt collector, to collect the disputed amount from

ORDER
Page - 1

Wholesale. On August 1, 2006, Cash Flow telephoned Wholesale (the Phone Call) in an attempt to collect the debt. A week later, Wholesale's attorney directed Cash Flow to communicate only with him.

In December 2006, Insights sued Wholesale in the District Court of Clark County, Washington, Case No. 306295-6, to collect the unpaid debt. In its answer, Wholesale cross-claimed against Cash Flow as a "Third Party Defendant," alleging that by making the phone call, Cash Flow violated the provisions of Washington's statute on debt collection practices, RCW 19.16.250, and the Federal Fair Debt Collection Act, 15 U.S.C. § 1692, *et seq.* The two statutes vary in the details, but both statutes generally prohibit improper contact with a debtor who is known to be represented by counsel.

Wholesale's cross-claim against Cash Flow for improper debt collection practices appears to have had at least two purposes. Wholesale not only sought damages from Cash Flow, but Wholesale also sought to use Cash Flow's allegedly improper debt collection practices under RCW 19.16.250 to invoke RCW 19.16.450, which would bar Insights (as Cash Flow's customer) from collecting any interest, attorneys' fees, collection costs, or any other fees from Wholesale.

The Clark County District Court Judge, however, found that Cash Flow was not properly named as a third party defendant, and Wholesale dismissed the cross-claim. Wholesale then filed a new action asserting both state and federal improper debt collection claims against Cash Flow in the District Court of Clark County, Washington, Case No. 308700-6, and moved to consolidate the two Clark County suits. Cash Flow, however, removed Wholesale's Clark County case to this court, [Dkt. #1], and Wholesale moved the court to decline to exercise supplemental jurisdiction over the state law claims and remand them to the Clark County District Court, [Dkt. #13]. This Court granted the motion and remanded the state law claims to Clark County and retained jurisdiction over the federal claim. [Dkt. #20]. As part of the Court's reasoning for granting the motion, the Court stated: "because the FFDCA does not apply to commercial debts, it is not clear that Wholesale has stated a valid FFDCA claim against Cash Flow. Therefore, adjudicating Wholesale's state law claims and defenses will likely consume far more resources than adjudicating the FFDCA claim." [*Id.*]

Shortly after the filing of this Order, defendant moved for summary judgment, [Dkt. #21], arguing that because Cash Flow was not collecting a consumer debt, the provisions of the FFDCA at issue did not apply. On the date due for plaintiff's response in opposition to the motion, Wholesale filed a Notice of

Voluntary Dismissal of their claims against Cash Flow. [Dkt. #25]. Thereafter, because plaintiff did not respond in opposition to the motion and improperly attempted to voluntarily dismiss their claims in violation of Fed. R. Civ. P. 41(a), this Court entered an Order granting defendant's motion for summary judgment. [Dkt. #26].

This petition for costs and attorney's fees followed.

## DISCUSSION

The FFDCA contains a fee-shifting provision:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. §1692k(a)(3). The award of attorney's fees under this section is discretionary. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 P.2d 1222, 1229 (9th Cir. 1988) ("We review the ultimate grant or denial [of attorney's fees] for an abuse of discretion.") Here, defendant's primary argument that they should be awarded fees and costs is that plaintiff persisted in maintaining the action even after this Court's Order on remand pointing out the weakness in plaintiff's FFDCA claim [see Dkt. #20], and forced Cash Flow to file a motion for summary judgment. According to the defendant, the fact that Wholesale dismissed the claim rather than respond in opposition to the motion is evidence of Wholesale's bad faith and evidence of Wholesale's intent to harass Cash Flow.

The Court disagrees. Wholesale's counsel indicates that in preparing plaintiff's opposition to the motion for summary judgment he was attempting to craft an argument that case law interpreting "debt" under the FFDCA should be re-examined, but "after careful consideration" the effort was abandoned and the claim withdrawn. [Dkt. #31, p. 3]. Therefore, plaintiff's attempts to effect a change in the law cannot be construed as being done in bad faith and with the intent to harass. Defendant's Petition for Costs and Attorney's Fees [Dkt. #29] is **DENIED.**

**IT IS SO ORDERED.**

DATED this 3rd day of October, 2007.

                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE